IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 02-cv-01662-RPM-MJW

ROBERT HUNTSMAN; and
CLEAN FLICKS OF COLORADO, LLC,

        Plaintiffs,

and

NOVA GROUP INC. d/b/a TRILOGY STUDIOS, INC.;
CLEANFLICKS, LLC;
ASR MANAGEMENT CORPORATION d/b/a CLEANFILMS f/k/a MYCLEANFLICKS;
FAMILY SHIELD TECHNOLOGIES, LLC;
CLEARPLAY, INC.;
CLEAN CUT CINEMAS;
FAMILY SAFE MEDIA;
EDITMYMOVIES;
FAMILY FLIX, USA, LLC; and
PLAY IT CLEAN VIDEO, LLC

        Counterclaim Defendants,

v.

STEVEN SODERBERGH;
ROBERT ALTMAN;
MICHAEL APTED;
TAYLOR HACKFORD;
CURTIS HANSON;
NORMAN JEWISON;
JOHN LANDIS;
MICHAEL MANN;
PHILLIP NOYCE;
BRAD SILBERLING;

BETTY THOMAS;
IRWIN WINKLER;
MARTIN SCORSESE;
STEVEN SPIELBERG;
ROBERT REDFORD;
SYDNEY POLLACK;
METRO-GOLDWYN-MAYER STUDIOS, INC.;
TIME WARNER ENTERTAINMENT CO., LP;
SONY PICTURES ENTERTAINMENT;
DISNEY ENTERPRISES, INC.;
DREAMWORKS LLC;
UNIVERSAL CITY STUDIOS, INC.;
TWENTIETH CENTURY FOX FILM CORP.; and
PARAMOUNT PICTURES CORPORATION,

        Defendants-Counterclaimants,

and

THE DIRECTORS GUILD OF AMERICA,

        Defendant-in-Intervention and
        Counterclaimant-in-Intervention.

---

## ORDER FOR STATUS CONFERENCE

---

By order dated May 16, 2005, this court requested the parties to address the effects of

the Family Entertainment and Copyright Act of 2005 ("Act"). In response, the following

documents were filed by the parties:

1.      Plaintiffs' Response, stating the Act has mooted the claims of plaintiff Huntsman

and the pending summary judgment motion but is not dispositive of the claims of

plaintiff Clean Flicks of Colorado, LLC;

2.      The Movie Studios'[1] Motion for Partial Summary Judgment against the "Mechanical Editing Parties," alleged to be Clean Flicks of Colorado, L.L.C., Clean Flicks, LLC, ASR Management Corporation d/b/a CleanFilms f/k/a MyCleanFlicks ("Clean Films"), Family Flix, U.S.A., L.L.C. ("Family Flix"), and Play It Clean Video, L.L.C. ("Play It Clean");

3.      The Movie Studios' Supplemental Statement, stating that (a) the Act has no effect on its claims against the "Mechanical Editing Parties"; (b) the Act moots the copyright infringement claims against Trilogy Studios, Inc., Family Shield Technologies, LLC and ClearPlay, Inc. and those parties' counterclaims against the Movie Studios; (c) they have entered into a stipulation of dismissal with prejudice with Trilogy and sought to enter into a similar stipulation with Family Shield and ClearPlay but they would not agree absent the payment of attorney's fees incurred in this action; and (d) there is no basis for seeking an award of fees in this case and they request a scheduling conference to address this matter;

---

[1] The Movie Studios are Metro-Goldwyn-Mayer Studios, Inc., Time Warner Entertainment Co., L.P., Sony Pictures Entertainment, Disney Enterprises, Inc., DreamWorks LLC, UniversalCity Studios, Inc., Twentieth Century Fox Film Corp., and Paramount Pictures Corporation.

4.      The Director Parties'[2] Joinder, stating they: (a) join in the Movie Studios' statement as to the "Mechanical Editing Parties" as the Act is inapplicable to the Director Parties' Lanham Act claims; and (b) join in the Movie Studios' statement as to Trilogy, ClearPlay and Family Shield;

5.      ClearPlay's Response, stating that the Act justifies entry of summary judgment in its favor on its claims and on claims asserted against it by the Movie Studios and Director Parties. (ClearPlay has a motion for summary judgment pending.) ClearPlay requests a briefing schedule on its claim of entitlement to attorney's fees;

6.      Family Shield's Response, stating that the Act renders the Movie Studios' and Director Parties' claims and any cross claims moot except for the issue of whether Family Shield is entitled to attorney's fees;

7.      Clean Films Inc.'s Response, stating that the actions of Trilogy, ClearPlay and Family Shield are now statutorily exempt from the claims made by the Movie Studios and Director Parties, and that, by extension, any protections available under the Act should be applied to Clean Films;

---

[2]The Director Parties are Steven Soderbergh, Robert Altman, Michael Apted, Taylor Hackford, Curtis Hanson, Norman Jewison, John Landis, Michael Mann, Phillip Noyce, Brad Silberling, Betty Thomas, Irwin Winkler, Martin Scorsese, Steven Spielberg, Robert Redford, Sydney Pollack, and The Directors Guild of America.

8.    Family Flix's Response, which is identical to that of Clean Films, requesting the

extension of any protections to Family Flix;

9.    Stipulation of Dismissal between the Director Parties and Trilogy;

10.   Stipulation of Dismissal between the Movie Studios and Trilogy; and

11.   Clean Flicks, LLC's Request for a 90-Day Extension to File Response to New

Legislation, stating its successor will likely engage new counsel within 90 days.

To address the responses filed to the court's May 16, 2005 order it is

ORDERED that a status conference is set for July 21, 2005, at 2:00 p.m. in Courtroom A

of the Byron White United States Courthouse, 1823 Stout Street, Denver, Colorado.

DATED: June 29th, 2005.

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge