IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **02-CV-1662-RPM-MJW**

**ROBERT HUNTSMAN**,
et al.,
      Plaintiffs,

and

**TRILOGY STUDIOS, INC.,**
et al.,
      Counterclaim Defendants
**v.**

**STEVEN SODERBERGH**,
et al.,
      Defendants and Counterclaimants

and

**THE DIRECTORS GUILD OF AMERICA**,
      Defendant-in-Intervention and Counterclaimant-in-Intervention,

and

**METRO-GOLDWYWN-MAYER STUDIOS, Inc.**,
**TIME WARNER ENTERTAINMENT COMPANY, L.P.**,
**SONY PICTURES ENTERTAINMENT**,
**DISNEY ENTERPRISES, Inc.**,
**DREAMWORKS L.L.C.**,
**UNIVERSAL CITY STUDIOS, Inc.**,
**TWENTIETH CENTURY FOX FILM Corporation**, and,
**PARAMOUNT PICTURES Corporation**,
      Co-defendants and Counterclaimants.

_____

**THE MOTION PICTURE STUDIOS' REPLY
TO THE SUBMISSIONS OF CLEAR PLAY AND FAMILY SHIELD
ADDRESSING THE EFFECT OF THE PASSAGE OF
THE FAMILY ENTERTAINMENT AND COPYRIGHT ACT OF 2005**
_____

The Motion Picture Studios[1] (the "Studios"), by their attorneys Loeb & Loeb LLP and Faegre & Benson LLP, respectfully submit this reply to the statements of ClearPlay Inc. ("ClearPlay") and Family Shield Technologies, LLC ("Family Shield")[2] addressing the effect of the passage of the Family Entertainment and Copyright Act of 2005 upon this litigation and their requests for summary judgment on the mooted claims asserted in this action.

## PRELIMINARY STATEMENT

Electronic Editing Parties ClearPlay and Family Shield concede that the passage of the Family Movie Act, which amended the United States Copyright Act (17 U.S.C. §§ 101 *et seq.*), mooted the Studios' copyright infringement claims as well as ClearPlay's and Family Shield's counterclaims seeking declaratory judgment as to the same copyright issues. *See* ClearPlay's Response to the Court's May 16, 2005 Order Regarding the Effect of the Family Entertainment and Copyright Act of 2005, dated June 14, 2005 (hereinafter, the "ClearPlay Statement") at 7 (asserting that the Family Movie Act "addresses" and "resolve[s]" the "claims asserted against ClearPlay" as well as the counterclaims for declaratory relief"); Family Shield's Response to 5/16/05 Order to Address Effect of New Legislation, dated June 15, 2005 (hereinafter, the "Family Shield Statement") at 1-2, 6 ("The new legislation thus renders moot the Studios' and

---

[1]   The Co-defendant Motion Picture Studios are Metro-Goldwyn-Mayer Studios Inc., Warner Bros. Entertainment, Inc. (as successor-in-interest to the copyright interests of named counterclaimant Time Warner Entertainment Company, L.P.), Sony Pictures Entertainment Inc., Disney Enterprises, Inc., DreamWorks L.L.C., Universal City Studios LLLP, Twentieth Century Fox Film Corporation, and Paramount Pictures Corporation (collectively, together with their subsidiaries and affiliates).

[2]   The Counterclaim Defendant Electronic Editing Parties include Nova Group Inc. d/b/a Trilogy Studios Inc. ("Trilogy"), Family Shield and ClearPlay.  In light of the passage of

Directors' claims for prospective injunctive relief, and most of the parties' cross-claims for declaratory relief.").

Notwithstanding that these claims are moot and no justiciable controversy remains, ClearPlay and Family Shield erroneously request that this Court issue an impermissible advisory opinion as to these mooted claims and that the question of costs and attorney's fees should be further litigated. ClearPlay and Family Shield are wrong on both counts. Not only would such a course commit the parties, and this Court, to potentially years of unnecessary litigation concerning the merits of the claims (including, but not limited to their pending summary judgment motion), the propriety of any attorney's fee award, as well as any necessary appeals thereof (which, as to the merits, would be reviewed *de novo*), but pursuant to the arguments advanced by ClearPlay and Family Shield, the Studios would also be permitted to seek summary judgment as to their claims (as they relate to acts committed prior to the passage of the Family Movie Act) and, thereafter, to move for an award of attorney's fees. The doctrines of justiciability and mootness, however, bar such wasteful litigation.

Contrary to the arguments advanced by ClearPlay, which ignore the doctrine of justiciability, the passage of Family Movie Act provides grounds for the denial of the Electronic Editing Parties' pending summary judgment motion as moot. *See National Adver. Co. v. City and County of Denver*, 912 F.2d 405, 411-12 (10th Cir 1990) (affirming district court's ruling denying summary judgment motion as to claim seeking declaratory relief on the grounds of mootness).

---

the Family Movie Act, the Studios have entered and filed a full and mutual stipulation of dismissal (with prejudice and without costs) with Counterclaim Defendant Trilogy.

While Family Shield expressly concedes that the claims at issue have been mooted by the Family Movie Act, it nonetheless argues that the claims remain justiciable because of its request for costs and attorney's fees.   Family Shield, however, misreads the relevant Tenth Circuit precedent concerning the determination of a parties' request for attorney's fees made <u>after</u> the underlying claims are mooted.

While Family Shield correctly asserts that "the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred" (*Dahlem v. Board of Education of Denver Pub. Schools*, 901 F.2d 1508, 1511 (10th Cir. 1990)), such is the case <u>only</u> where the court has made a made a ruling on the merits (*i.e.* such as the grant of preliminary injunctive relief), <u>prior to</u> the claims becoming moot.  Family Shield does not, and cannot, cite a single case where the court issued an advisory opinion as to the merits of mooted claims such that, thereafter, the further issue of attorney's fees could be resolved.  *See, e.g., Dahlem*, 901 F.2d at 1513 & n.4 (noting that "[t]he absence of a judicial determination relating to the merits has been considered a fatal defect by some courts.").

Where, as here, an award of attorney's fees requires a prior determination of the "prevailing party," (*see* Copyright Act 17 U.S.C. § 505), federal courts can not render an advisory opinion on the merits of mooted claims.  Accordingly, the Electronic Editing Parties' pending motion for summary judgment should be denied as moot, and the claims (including any requests for costs and/or attorney's fees) between the Studios and ClearPlay and Family Shield dismissed, without prejudice, for lack of jurisdiction.

## DISCUSSION

I.    **The Claims By and Between The Studios, ClearPlay**
      **and Family Shield Should be Dismissed as Moot**

Federal court jurisdiction depends upon the existence of an actual case or controversy which must exist at all stages of the proceedings.  "It is fundamental that federal courts do not render advisory opinions and that they are limited to deciding issues in actual cases and controversies."  *United States v. Burlington Northern Railroad Co.*, 200 F.3d 679, 699 (10th Cir. 1999) (citation omitted); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) ("Article III [of the Constitution] denies federal courts the power 'to decide questions that cannot affect the rights of the litigants in the case before them,' and confines them to resolving 'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'") (citation omitted).

The parties' claims at issue here – claims for prospective injunctive and declaratory relief – have been mooted, however, by the passage of the Family Movie Act.  *See, e.g., Horstkoetter v. Department of Public Safety*, 159 F.3d 1265, 1277 (10th Cir. 1998) ("claims for prospective relief [*i.e.* injunctive and/or declaratory relief] will be mooted '[i]f an event occurs while a case is pending that heals the injury"); *National Adver. Co. v. City and County of Denver*, 912 F.2d 405, 411-12 (10th Cir 1990) (same; noting that "A declaratory judgment on the validity of a repealed ordinance is a textbook example of 'advising what the law would be upon a hypothetical state of facts.'") (citation omitted).

This Court need not reach the merits of the parties' mooted claims for declaratory and prospective injunctive relief.  *See GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 882-

83 (10th Cir. 2005) (holding that the "court need not reach the merits of plaintiffs' claims for declaratory and injunctive relief because those claims became moot . . . ."); *Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1256-57 (10th Cir. 2004) (affirming dismissal of claims for declaratory and injunctive relief which were mooted by change in statute, and noting: "Plaintiffs have 'no legally cognizable interest in the constitutionality of an obsolete statute . . . . [Such] challenges are clearly moot."); *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1183, 1200 (10th Cir. 2000) (directing the dismissal without prejudice of certain claims which were mooted by the passage of new legislation, and noting that "the general rule is that 'an interest in attorney's fees is insufficient to create an Article III case or controversy where a case or controversy does not exist on the merits of the underlying claim'") (citation omitted).

Accordingly, where, as here, there is a pending motion for summary judgment as to claims that have become moot, the motion should be denied on the grounds of mootness, *see National Adver. Co. v. City and County of Denver*, 912 F.2d 405, 411-12 (10th Cir 1990) (affirming districts court's ruling denying summary judgment motion as to claim seeking declaratory relief on the grounds of mootness), and the claims dismissed for lack of federal court jurisdiction. *See, e.g., GF Gaming*, 405 F.3d at 882-83 ("Because plaintiffs' claims for injunctive and declaratory relief became moot . . . , the court dismisses those claims for lack of jurisdiction.").

## II.   ClearPlay's and Family Shield's Claims for Attorney's Fees Do Not Preserve This Court's Jurisdiction

The Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Ekerhart*, 461 U.S. 424, 437(1983).  Thus, it is well

established that "a claim for attorney's fees does not preserve a moot cause of action." *Dahlem*, 901 F.2d at 1511; *see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990) ("An order vacating the judgment on the grounds of mootness would deprive [Plaintiff] of its claim to attorney's fees under 42 U.S.C. § 1988 (assuming, *arguendo*, it would have such a claim), because such fees are available only to a party that 'prevails' by winning the relief it seeks.").

Courts have routinely denied claims for attorney's fees where, as here, no final judgment on the merits (*i.e.* such as the grant of a preliminary injunction) was issued by the court prior to the time that the underlying claims became moot and, thus, no finding could be made that any party was the "prevailing party." *See, e.g., LaRouche v. Kezer*, 20 F.3d 68, 75-76 (2d Cir. 1994) (reversing district court's grant of attorney's fees holding that: "If a claim is mooted, interim injunctive relief may be a basis for an award of attorney's fees, if plaintiff has prevailed on the merits at the interim stage.  Because [plaintiffs] neither won their appeal on the merits nor obtained interim relief clearly based on the merits, the judgment of the district court is reversed."); *Paragould Music Co. v. City of Paragould*, 738 F.2d 973 (8th Cir. 1984) (affirming denial of request for attorneys' fees holding that the issuance of a temporary retraining order did not render appellant a "prevailing party"); *Laurenzo v. Mississippi High School Activities Assoc., Inc.*, 708 F.2d 1038, 1043 (5th Cir. 1983) (affirming denial of request for attorney's fees and noting that the issuance of an injunction pending appeal did not make plaintiff a "prevailing party").

Notably, in none of the foregoing cases did the court render an advisory opinion as to the merits of the underlying mooted claims such that the issue of attorney's fees could then be decided.  Rather, each case focused on whether the issuance of interim relief could be found to

be a ruling on the merits such to support a finding of a "prevailing party." No such interim relief has been awarded to ClearPlay or Family Shield here, nor does any other basis exist for them to claim that they are "prevailing parties" for purposes of section 505 of the Copyright Act. *See, e.g.,* 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* at § 14.10[B], p. 14-176 (2003) ("[S]ince the Supreme's Court decision in *Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, it has been held that a prevailing party can only be one who 'secure[d] a judgment on the merits or a court-ordered consent decree.'") (*quoting Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598 (2001)).

The cases cited by Family Shield (*see* Family Shield Statement at 7) are not to the contrary. In *Dahlem v. Board of Education of Denver Pub. Schools*, 901 F.2d 1508 (10th Cir. 1990), the court squarely held that "a claim of entitlement to attorney's fees does not preserve a moot cause of action." *Id.* at 1511. Although the court went on to determine whether the district court's earlier grant of a preliminary injunction satisfied the "prevailing party" requirement, it did not decide the merits of the mooted claims and specifically noted that "[t]he absence of a judicial determination relating to the merits has been considered a fatal defect by some courts." *Dahlem*, 901 F.2d at 1513 & n.4. In *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1183, 1200 (10th Cir. 2000), the Tenth Circuit again refused to rule as to the merits of mooted claims solely for the purposes of a potential attorney's fees motion.

As an award of attorney's fees under section 505 of the Copyright Act is available only to "prevailing parties," and because no order has been, or could be entered in this matter as to the claims between the Studios, ClearPlay and Family Shield, the requests of ClearPlay and Family

Shield seeking a briefing schedule and/or a hearing as to the issue of attorney's fees should be denied in the entirety, and the claims (including any requests for costs and/or attorney's fees) dismissed for lack of jurisdiction.[3]

## CONCLUSION

For all of the foregoing reasons, the Motion Picture Studios respectfully request that the Electronic Editing Parties' requests for a briefing schedule and/or hearing to address the issue of attorney's fees be denied in their entirety, that the Electronic Editing Parties' pending motion for summary judgment be denied as moot, and that the claims by and between the Studios, ClearPlay and Family Shield be dismissed without prejudice for lack of jurisdiction.

Respectfully submitted this 1st day of July, 2005,

s/ Thomas B. Kelley
Thomas B. Kelley
Natalie Hanlon-Leh
Christopher P. Beall
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
tkelley@faegre.com
nhanlon-leh@faegre.com
cbeall@faegre.com

---

[3]   This submission does not attempt to address the issue as to whether ClearPlay and/or Family Shield would be entitled to costs and/or attorney's fees if they were held to be prevailing parties. It is the Studios' position that even if ClearPlay and/or Family Shield were to be found to be prevailing parties, that they would still not be entitled to costs and/or attorney's fees pursuant to the Copyright Act. The Studios will address this issue separately should it ever become necessary.

Jonathan Zavin
Jacques M. Rimokh
Christian D. Carbone
LOEB & LOEB LLP
345 Park Avenue
New York, New York 10154
Telephone:   (212) 407-4000
Facsimile:   (212) 407-4990
jzavin@loeb.com

Attorneys For Co-Defendants/Counterclaimants
Metro-Goldwyn-Mayer Studios Inc., Warner
Bros. Entertainment, Inc. (as successor-in-
interest to the copyright interests of named
counterclaimant Time Warner Entertainment
Company, L.P.), Sony Pictures Entertainment
Inc., Disney Enterprises, Inc., DreamWorks
L.L.C., Universal City Studios LLLP, Twentieth
Century Fox Film Corporation, and Paramount
Pictures Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2005, I electronically filed the foregoing **THE MOTION PICTURE STUDIOS' REPLY TO THE SUBMISSIONS OF CLEAR PLAY AND FAMILY SHIELD ADDRESSING THE EFFECT OF THE PASSAGE OF THE FAMILY ENTERTAINMENT AND COPYRIGHT ACT OF 2005** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons at the given e-mail addresses:

**Jeffrey Nahinu Aldous**
ALDOUSJEFF@aol.com

**Eric Michael Bono**
EricB@bairdkiovsky.com

**Andrew P. Bridges**
abridges@winston.com

**Cameron T. Chandler**
ctc@benningtonjohnson.com

**Bennett L. Cohen**
bcohen@stklaw.com

**Kathleen E. Craigmile**
kec@benningtonjohnson.com

**Erika Zimmer Enger**
enger.erika@dorsey.com

**Carolyn J. Fairless**
fairless@wtklaw.com

**Thomas P. Howard**
thoward@thowardlaw.com

**James W. Hubbell**
jhubbell@khgk.com

**Nathan Michael Longenecker**
longenecker@twhlaw.com

**Scott Joseph Mikulecky**
Smikulec@sah.com

**Darwin (D.J.) K. Poyfair**
djpoyfair@stklaw.com

**Mark A. Wielga**
wielga@twhlaw.com

**Jonathan Zavin**
jzavin@loeb.com

I also hereby certify that on 30th day of June, 2005, a true and correct copy of the foregoing **THE MOTION PICTURE STUDIOS' REPLY TO THE SUBMISSIONS OF CLEAR PLAY AND FAMILY SHIELD ADDRESSING THE EFFECT OF THE PASSAGE OF THE FAMILY ENTERTAINMENT AND COPYRIGHT ACT OF 2005** was placed in the U.S. mail, properly addressed, postage prepaid to the following non-CM/ECF participants.

Ernest J. Getto
Latham & Watkins
505 Montgomery St., #1900
San Francisco, CA  94111

David N. Schachter
Sherman & Howard
633 17th St., #3000
Denver, CO  80202

Jennifer Anne Schaffner
Shughart, Thomson & Kilroy, P.C.
1050 17th St., #2300
Denver, CO  80265

<u>s/ Thomas B. Kelley</u>
Thomas B. Kelley
Attorney for Motion Picture Studio Defendants
FAEGRE & BENSON LLP
1700 Lincoln St., #3200
Denver, CO  80203
Phone: (303) 607-3500
FAX:    (303) 607-3500
tkelley@faegre.com

DNVR1:60308104.01