IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 6 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 02-M-1662 (MJW)

ROBERT HUNTSMAN, *et al.*,

    Plaintiffs and Counterclaim Defendants

vs.

STEVEN SODERBERGH, *et al.*,

    Defendants and Counterclaimants.

## CLEARPLAY'S [PROPOSED] SUPPLEMENTAL RESPONSE TO THE COURT'S MAY 16, 2005 ORDER, IN REPLY TO THE STUDIOS' SUPPLEMENTAL RESPONSE

    ClearPlay Inc. ("ClearPlay") files this short reply to the supplemental response by the Motion Picture Studios (the "Studios") to the Court's May 16, 2005 order.

    This case is ripe for a decision on the merits of the claims that have been asserted by the Studios and Directors. ClearPlay does not oppose a motion by the Studios and Directors to dismiss their claims with prejudice.

    In their effort to avoid a decision on the merits, and a determination of "prevailing parties," the Studios have inaccurately characterized the concept of mootness. A case becomes "moot" when the facts underlying the case change so much that the very object of the suit has ceased to exist. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (claim dismissed as moot if an event occurs that makes it impossible for the court to grant "any effectual relief whatever" to a prevailing party (citation omitted)). Mootness does not flow from

1

legislation that clarifies the law in such a way that the legal outcome is unmistakable and unavoidable, as has occurred in this case.

Some legislation, indeed, may make a case moot -- but that is when legislation is the very object of the lawsuit itself. Thus, as shown below for example, when billboard owners sued to challenge an ordinance restricting billboards, and the ordinance was repealed, the obsolete legislation passed out of existence and could no longer be the target of relief. In this case, by contrast, the factual foundation of this case -- the development and deployment of technology that allows consumers to enjoy "family friendly" experiences of genuine Hollywood-authorized DVDs -- remains the same.

We discuss below the cases cited by the Studios, and we explain how they are vastly different from the case presented here. ClearPlay will not burden the Court with exhaustive argument at this point. ClearPlay asks the Court to enter summary judgment in ClearPlay's favor based on both the original arguments made by ClearPlay in the Player Control Parties' motion and the supplemental justification afforded by the Family Movie Act of 2005 as shown in ClearPlay's June 15, 2005 response. ClearPlay will request an award of award attorney's fees at the appropriate time after the merits of the case are decided. Comments by the Studios at this juncture to avoid an award of fees are premature. ClearPlay requests that the Court establish a briefing schedule to address an award of fees after ruling on the merits of ClearPlay's pending summary judgment motion. At that time the parties may fully address the propriety of an award under the applicable standards.

2

A.  CASES ILLUSTRATING A CHANGE IN FACTS

*Horstkoetter v. Department of Public Safety*, 159 F.3d 1265 (10th Cir. 1998).

Two highway patrol troopers and their wives filed a section 1983 action against the Oklahoma Department of Public Safety and three of troopers' supervisors, asserting that Department and its supervisors violated their First Amendment rights by ordering them to remove political signs from the yards of their private residences. The court declared the case moot as to one of the plaintiffs due to his retirement. Because the plaintiff retired and was no longer a highway patrol trooper, the alleged unconstitutional policy could in no way apply to him.

*GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876 (10th Cir. 2005).

The plaintiff brought an action under the Sherman Act, including claims for declaratory and injunctive relief, alleging that the defendants conspired to stop an access road from being built to bypass a casino. On appeal the plaintiffs acknowledged that the access road had been built after the district court dismissed the case, and that their claims for injunctive relief had therefore become moot. The Tenth Circuit held that, in addition, the claims for declaratory relief had also become moot because a declaratory judgment would no longer have any effect on defendants' behavior.

*Dahlem v. Board of Education of Denver Public Schools*, 901 F.2d 1508 (10th Cir. 1990).

A male high school senior obtained a preliminary injunction permitting him to participate in interscholastic gymnastics on a girls' team. The Tenth Circuit dismissed an appeal from that order after the gymnastics season ended during the student's senior year, on the grounds that the end of the season and his high school career rendered his claim moot.

*Paragould Music Co. v. City of Paragould*, 738 F.2d 973 (8th Cir. 1984).

Owners of a video arcade brought a section 1983 action against city officials and agents, alleging that patrons of the arcade were being harassed and illegally arrested and detained. After the court ordered a temporary restraining order, the arcade closed; the case was then dismissed as moot.

*Laurenzo v. Mississippi High School Activities Assoc., Inc.*, 708 F.2d 1038 (5th Cir. 1983).

In a declaratory judgment action, a high school student challenged a State High School Activities Association rule governing eligibility for participation on a baseball team. The plaintiff was issued an injunction by an emergency panel pending appeal. When the plaintiff graduated, his appeal was rendered moot because he was no longer a high school student.

### B.   CASES WHERE THE CHANGE IN FACTS INVOLVED THE OBSOLESCENCE OF A LAW BEING CHALLENGED

*National Adver. Co. v. City and County of Denver*, 912 F.2d 405 (10th Cir. 1990).

In this case, a billboard advertiser sought declaratory relief declaring as unconstitutional two ordinances enacted by the city that restricted billboards along freeways. After the claim was filed, the ordinances were repealed. The court held the issue as moot, stating, "declaratory judgment on the validity of a repealed ordinance is a textbook example of 'advising what the law would be upon a hypothetical state of facts.'" (citations omitted.)

*Utah Animal Rights Coalition v. Salt Lack City Corp.*, 371 F.3d 1248 (10th Cir. 2004).

An animal rights advocacy organizations brought an action for declaratory and injunctive relief, based on a facial challenge to an ordinance and alleging an unconstitutionally prolonged permit process. The city amended the ordinance to require review within twenty eight days, which cured the alleged defect in the ordinance. The court determined the claims for declaratory and injunctive relief were moot as a consequence.

4

*Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, **236 F.3d 1174 (10th Cir. 2000).**

In this case various individuals and groups brought actions challenging the constitutionality of the Colorado Fair Campaign Practices Act (FCPA) on First and Fourteenth Amendment grounds. The statutes were substantially amended during the litigation. Accordingly, the Tenth Circuit determined that the plaintiffs' constitutional challenges to the obsolete statutes were moot.

*Lewis v. Continental Bank Corp.*, **494 U.S. 472 (1990).**

In this case the plaintiff brought an action seeking a declaration that certain Florida statutes prohibiting non-Florida companies from operating industrial savings banks were unconstitutional. The case was rendered moot when the Florida statutes were amended with new definitions that left the plaintiff without a stake in the outcome.

*Buckhannon Board & Care Home, Inc v. W. Va. Dept. of Health and Human Res.*, **532 U.S. 598 (2001).**

The plaintiff sued for a declaratory judgment claiming that a "self-preservation" requirement under a state law violated provisions of the Fair Housing Amendments Act (FHAA) and of the Americans with Disabilities Act (ADA). During the course of the litigation, the state legislature acted to eliminate the "self-preservation" requirement and the case was dismissed as moot.

## C.  OTHER INAPPLICABLE CASES

*LaRouche v. Kezer*, **20 F.3d 68 (2d Cir. 1994).**

In this case the question presented was "whether civil rights plaintiffs who lose their appeal on the merits may nevertheless 'prevail' for the purposes of an award of attorney's

5

fees, if they succeed in obtaining a stay and injunction pending appeal." This case addressed the question of an attorney's fee award to a *losing party* on account of a temporary victory enroute to defeat. That bears no similarity to this case.

*Hensley v. Ekerhart*, 461 U.S. 424 (1983).

In this case the plaintiffs brought an action claiming unconstitutional treatment and conditions at a state hospital. They were successful on some, but not all, of their claims and were awarded attorney's fees. The Court held that the District Court failed to properly consider the relationship between the extent of a plaintiff's success and the amount of the attorney fee award, reasoning that where a plaintiff has failed to prevail on a claim that is distinct from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. That has no bearing here.

*United States v. Burlington Northern Railroad Co.*, 200 F.3d 679 (10th Cir. 1999).

The Tenth Circuit held that it could not render an advisory opinion where the plaintiff "sought no relief to redress any specific injury it has suffered and advocates a general interest common to all citizens." In the case at hand, by contrast, the Studios and Directors sought relief for specific alleged injuries to their peculiar intellectual property. This is a vastly different situation from the *Burlington Northern* case.

## CONCLUSION

As shown above, the doctrine of mootness has no application to this case where the underlying facts have not changed and the law in ClearPlay's favor has merely been confirmed to the point that the outcome cannot be disputed. For that reason, the Court should proceed to rule in ClearPlay's favor on the merits of the case if the Studios and Directors fail to move voluntarily to dismiss their claims with prejudice.

6

July 1, 2005                                   Respectfully submitted,

                                               /s/ Andrew P. Bridges
                                               ANDREW P. BRIDGES
                                               JENNIFER A. GOLINVEAUX
                                               WINSTON & STRAWN LLP
                                               101 California Street, Suite 3900
                                               San Francisco, California 94111
                                               Telephone: (415) 591-1000

                                               Attorneys for CLEARPLAY INC.