IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **02-cv-1662-RPM**

ROBERT HUNTSMAN, et al.,

    Plaintiffs,

and

NOVA GROUP, INC. d/b/a/ TRILOGY STUDIOS, INC., et al.,

    Counterclaim Defendants,

v.

STEVEN SODERBERGH, et al.,

    Defendants and Counterclaimants,

and

THE DIRECTORS GUILD OF AMERICA,

    Defendant-in-Intervention and Counterclaimant-in-Intervention.

---

**CLEANFILMS, INC.'S MOTION FOR FRCP 56(f) CONTINUANCE OF DEFENDANTS STUDIOS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

i

## TABLE OF CONTENTS

                                                                                         **Page**

TABLE OF CONTENTS………………………………………………………………….. ii

TABLE OF AUTHORITIES…………………………………………………………… iii

RELIEF REQUESTED……………………………………………………………………….1

EVIDENCE RELIED UPON………………………………………………………………. 1

STATEMENT OF FACTS……………………………………………………………....1-3

ARGUMENT AND AUTHORITY……………………………………………….......3-7

I.  THE COURT SHOULD GRANT THIS MOTION FOR A CONTINUANCE AND, THEREBY, GIVE CLEANFILMS THE TIME IT NEEDS TO ADEQUATELY RESPOND TO THE STUDIOS' NEWLY-RAISED CLAIMS OF DAMAGE………………………............................................................................. 3

        A.  <u>Applicable Law</u> …………………………………………………………… 3,4

        B.  <u>In their Summary Judgment Motion, the Studios have asserted a material damage claim not previously asserted in this lawsuit</u> …………………………..4

            1.  The Studios now assert that CleanFilms has harmed their *actual* motion picture market by competing directly with the Studios' own authorized, edited motion pictures…………………………......………………………....4, 5

            2.  The Studios now assert that CleanFilms has harmed their potential motion picture market as they may, in the future, rent or sell edited motion pictures to the general public…………………………….................. 5

        C.  <u>As a result of the Studio's failure to raise the issue of damages prior to the pending Motion for Summary Judgment, CleanFilms has had no opportunity to propound discovery and, thereby, gather information related to those claims</u>…...……………………………………………………………………5, 6

        D.  <u>The information CleanFilms will gather if given additional time to propound discovery will allow it to create genuine issues of material fact with respect to its "fair use" defense</u>……….....…………………………………………….6,7

CONCLUSION………  ………………    ……  …………….       ……  …………..
………………….      … 7

## TABLE OF AUTHORITIES

### CASES

Page(s)

*Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir., 1993).........passim

### COURT RULES

Page(s)

FRCP 56(f), in part................................................................................3

## RELIEF REQUESTED

ASR Management Corporation d/b/a CleanFilms, Inc. ("CleanFilms") respectfully requests that this Court continue the Defendant/Counterclaimant Motion Picture Studios' (the "Studios") Motion for Summary Judgment until CleanFilms has had sufficient time to secure discovery it needs to refute Studios' just recently-raised claim that they have been damaged by CleanFilms' alleged misconduct.

## EVIDENCE RELIED UPON

CleanFilms relies upon the Declaration of Mark F. Wright, Corporate Counsel to CleanFilms, Inc., and the attached exhibits, which have been filed concurrently with this Motion, together with all other pleadings already on file with the Court.

## STATEMENT OF FACTS

CleanFilms is in the business of criticizing the motion picture industry's use of sex, nudity, violence and foul language by distributing copies of PG-13 and R-rated movies, previously edited to remove the content requiring those ratings, to their members of the general viewing public. Wright Decl. at ¶ 3.

In an effort to protect the objectionable components of their motion pictures under the guise of copyright law, the Studios filed an action against CleanFilms and the other Counterclaim Defendants. Since they filed that lawsuit almost 2-1/2 years ago, the Studios have asserted essentially only one claim for relief –a permanent injunction enjoining CleanFilms and the other Counterclaim Defendants from copying, editing and distributing copyrighted motion pictures. (The only claim the Studios have brought against CleanFilms is a claim for an injunction seeking to enjoin CleanFilms from *distributing* their alleged copyrighted works.) This was the only claim for relief pled in

1

the Studio's Counterclaims, and not once since they filed the Counterclaims, neither in subsequent correspondence nor during subsequent hearings, conferences or conversations, have they alleged that CleanFilms alleged misconduct has caused them actual damage. With their present Motion for Summary Judgment, however, the Studios have attempted to change that.

For the first time in the 2-1/2 year course of this litigation, the Studios affirmatively contend that they have been damaged (financially) by CleanFilms' activities. In their Opening Brief in support of their Motion for Summary Judgment (the "Opening Brief"), the Studios claim specifically that CleanFilms and the other Counterclaim Defendants have caused harm to "the actual and potential markets for Studios' motion pictures." Opening Brief at page 4, 32-35. They further claim that CleanFilms competes directly with their own edited motion pictures, as well as any future rentals or sales of those edited pictures. Opening Brief at pp. 4, 7-8. Relying on these factual claims, the Studios argue that CleanFilms and the other Counterclaim Defendants should not be allowed to avail themselves of the "fair use" doctrine and that their Motion for Summary Judgment should be granted. Opening Brief, generally.

Not once during any prior conference or hearing, and not once in any prior pleading or motion have the Studios argued that CleanFilms has damaged them by competing directly in the edited motion picture marketplace. Wright Decl. at ¶ 4. They mentioned this type of damage in neither their original counterclaims nor in any subsequent pleadings or discovery documents. Wright Dec., attached Exhibit A. Based on the absence of any such claim, CleanFilms deemed it unnecessary to seek information through discovery related to the Studios' finances, sales revenues, sales records,

2

marketing plans, etc. But now that the Studios have put damages at issues in this lawsuit, and in their Motion for Summary Judgment in particular, CleanFilms certainly will be prejudiced if prohibited by this Court from propounding discovery related to the above claims, discovery related to Studios' alleged damages. Wright Decl. at ¶ 5, attached Exhibit B.[1]

<strong><u>ARGUMENT AND AUTHORITY</u></strong>

I. **THE COURT SHOULD GRANT THIS MOTION FOR A CONTINUANCE AND, THEREBY, GIVE CLEANFILMS THE TIME IT NEEDS TO ADEQUATELY RESPOND TO THE STUDIOS' NEWLY-RAISED DAMAGE CLAIMS.**

A. <u>Applicable Law.</u>

Federal Rules of Civil Procedure, Section 56(f) provides recourse to a non-moving party who faces a summary judgment motion without first having had the opportunity to gather information necessary to refute the motion:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

As set forth by the 10th Circuit Court of Appeals in *Jensen v. Redevelopment Agency*, the trial courts of this circuit should liberally apply this rule to requests for *continuances* brought under the rule. *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554 (10th Cir., 1993).

---

[1] Attached as Exhibit B to the Declaration of Mark F. Wright, which has been filed concurrently with, and in support of this FRCP 56(f) Motion for a Continuance, is a copy of the Interrogatories, Requests for Production of Documents and Requests for Admission CleanFilms sent out for service today, August 9, 2005.

In this case, under FRCP 56(f), the Court should continue the Studios' Summary Judgment Motion until CleanFilms has had sufficient time to conduct and secure discovery related to the Studios' claim that they have been damaged as a result of CleanFilms' alleged intrusion into their actual and potential markets for edited motion pictures. If CleanFilms can demonstrate that, for good reason, it has been unable to obtain that discovery thus far -that it has been unable to obtain evidence necessary to refute Studios' Summary Judgment Motion- then this Court should continue the Summary Judgment Hearing until such time as CleanFilms can obtain and review that discovery. See *Jensen v. Redevelopment Agency*, supra.

B. <u>In their Summary Judgment Motion, the Studios have alleged a material damage claim not previously asserted in this lawsuit.</u>

Following are some of the Studio's newly-asserted claims, claims which justify this FRCP 56(f) Motion for a Continuance:

**1. The Studios now assert that CleanFilms has harmed their *actual* motion picture market by competing directly with the Studios' own authorized edited, motion pictures.**

In an effort to preempt what will be Clean Film's "fair use" argument, the Studios have now asserted in their Motion for Summary Judgment that Clean Film's alleged activities have caused them to lose business in a market in which they are actively engaged. Opening Brief at 4, 32-35.

CleanFilms is in the business of distributing copies of PG-13 and R-rated movies, edited to remove the content requiring those ratings, to their members, who are members of the general viewing public. Wright Decl. at ¶ 6. That is what CleanFilms does, and at no time have the Studios offered any argument or evidence that they actively participate in that particular market. At no time have they offered any argument or evidence that

4

they have in fact been damaged in that market.[2] Indeed it is safe to say that the Studios do not operate in that market, and that is why they have requested only injunctive relief against CleanFilms in this lawsuit.

> **2. The Studios now assert that CleanFilms has harmed their *potential* motion picture market as they may, in the future, rent or sell edited motion pictures to the general public.**

Similar to their claim that CleanFilms has damaged them in their actual market, the Studios now assert also that they have been harmed in their "potential" market - selling copies of their PG-13 and R-rated movies, edited to remove the content requiring those ratings, to the general viewing public through a membership service. Opening Brief at 32-35. But as with their claim of actual market damage, not once up until now have they provided any information to support that claim.

> **C. As a result of the Studios' failure to raise the issue of damages prior to the pending Motion for Summary Judgment, CleanFilms has had no need and thus, no opportunity to gather information related to those claims.**

Neither explicitly nor implicitly during this lawsuit have the Studios notified CleanFilms of their claims that they have been damaged in their actual and potential markets. It was not until they filed the pending Summary Judgment Motion on June 15, 2005 that CleanFilms was made aware that any such claims existed. Wright Decl. at ¶ 7. If the Studios now want to raise the issue of market damages in an effort to circumvent what it anticipates to be CleanFilms' fair use defense, that is fine; CleanFilms is not, by this motion for a continuance, asking this Court to outright deny the Studios' Summary Judgment Motion at this time. But because Studios have sprung these claims on CleanFilms, and the other Counterclaim Defendants, in an effort to side-step CleanFilms'

---

[2] As the Studios have requested injunctive relief only in this lawsuit, indeed it is reasonable to assume that they themselves recognize the fact that they do not participate in this market.

ability to create genuine issues of fact, CleanFilms has not had a resonable opportunity to conduct the discovery essential to respond to the Studios' Summary Judgment Motion. CleanFilms is asking this Court to give it the time it needs to do so. Wright Decl. at 7.

### D. The information CleanFilms will gather if given additional time to propound discovery will allow it to create genuine issues of material fact with respect to its "fair use" defense.

Anticipating CleanFilms' fair use defense, the Studios argue, albeit without factual support, that the defense does not apply because CleanFilms is directly competing with them in the marketplace. As the Court can see, the Studios' critical analysis of CleanFilms' anticipated fair use argument relies heavily on the alleged facts: 1) that the Studios either currently market, or plan to market in the future edited versions of their PG-13 and R-rated movies to the general public, and 2) that the Studios have been damaged in that particular marketplace. Not only have the Studios failed to produce even one piece of evidence to support these claims besides their own ad hoc declarations, but up until now, they have asserted no such claims.

Justice, as proscribed by the 10th Circuit Court of Appeals, requires that this Court "liberally treat" this Motion for Continuance. *Jensen*, 998 F.2d at 1554. If the Court does that, and thereby allows CleanFilms additional time to propound discovery, CleanFilms will demonstrate that the Studios neither currently compete in its particular marketplace nor have they ever had concrete plans to do so.[3] With that showing, CleanFilms will be able to create genuine issues of material fact with respect to its fair

---

[3] This information is necessary to establish whether CleanFilms' use of edited motion pictures had an adverse or beneficial impact on the Studios' motion picture sales. It is likely that financial information provided by the Studios will show that CleanFilms' lawful activities have in fact increased, not decreased the sales of their motion pictures as those members of CleanFilms would not have otherwise purchased and viewed the PG-13 and R-rated motion pictures.

use defense, genuine issues sufficient to overcome the Studios' Motion for Summary Judgment.

## CONCLUSION

Based on the foregoing arguments, this Court should grant CleanFilms' Motion for a FRCP 56(f) Continuance and continue the Studios' Motion for Summary Judgment until the Studios have responded to the Interrogatories, Requests for Production of Documents, and Requests for Admission attached to the Declaration of Mark F. Wright filed concurrently herewith.

Respectfully submitted this 4th day of August, 2005.

/s/ Cameron T. Chandler
_____
Kenneth R. Bennington
Cameron T. Chandler
BENNINGTON JOHNSON
BIERMANN & CRAIGMILE, LLC
370 17th Street, Suite 2480
Denver, CO  80202
(303) 629-5200

Mark F. Wright, Esq.
WRIGHT LAW GROUP, PLLC
7201 West Oakland, Suite 2
Chandler, AZ  85226
(480) 477-3788

H. Troy Romero
Michael E. Wiggins
ROMERO MONTAGUE P.S.
155 – 108th Avenue NE, Suite 202
Bellevue, WA  98004
(425) 450-5000

ATTORNEYS FOR
COUNTERCLAIM-DEFENDANT
ASR MANAGEMENT
CORPORATION d/b/a CLEANFILMS,
INC.

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2005, I electronically filed with the Clerk of the Court using the CM/ECF system which will send e-mail notifications of such filing and I hereby certify that I have mailed or served the document or paper to the non-participant's indicated below:

Mark Wiegla, Esq.
Erika Zimmer Enger, Esq.
Nathan M. Longenecker, Esq.
Temkin Wielga & Hardt LLP
1900 Wazee Street, Suite 303
Denver, CO 80202

Ernest J. Getto, Esq.
Daniel Scott Schecter, Esq.
Catherine S. Bridge, Esq.
Anthony N. Luti, Esq.
Latham & Watkins
633 W. Fifth Street, Suite 4000
Los Angeles, CA 90071
Andrew P. Bridges, Esq.
SERVICE BY MAIL

David N. Schachter, Esq.
Sherman & Howard, LLC
633 – 17th Street, Suite 3000
Denver, CO 80202

Scott J. Mikulecky, Esq.
Sherman & Howard, LLC
90 South Cascade Ave., Suite 1500
Colorado Springs, CO 80903

Jonathan Zavin, Esq.
Jacques Rimokh, Esq.
Christian D. Carbone, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154
SERVICE BY MAIL

Thomas B. Kelley, Esq.
Christopher Beall, Esq.
Natalie Hahlon-Leh, Esq.
Faegre & Benson LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203

Jeffrey N. Aldous, Esq.
Leefe, Gibbs, Sullivan, Dupre & Aldous
4262 Imperial Way
Provo, UT 84604
SERVICE BY MAIL

Wilson Sonsini Goodrich & Rosati
650 Page Mill Road
Palo Alto, CA 94304-1050
SERVICE BY MAIL

Thomas P. Howard, Esq.
245 Century Circle, Suite 206
Louisville, CO 80027

D.J. Poyfair, Esq.
Jennifer Schaffner, Esq.
Shughart Thomson & Kilroy, PC
1050 – 17th Street, Suite 2300
Denver, CO 80265

*[signature]*