IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **02-cv-1662-RPM**

ROBERT HUNTSMAN, et al.,

     Plaintiffs,

and

NOVA GROUP, INC. d/b/a/ TRILOGY STUDIOS, INC., et al.,

     Counterclaim Defendants,

v.

STEVEN SODERBERGH, et al.,

     Defendants and Counterclaimants,

and

THE DIRECTORS GUILD OF AMERICA,

     Defendant-in-Intervention and Counterclaimant-in-Intervention.

---

**DECLARATION OF MARK F. WRIGHT IN SUPPORT OF CLEANFILMS
INC.'S MOTION FOR FRCP 56(f) CONTINUANCE OF DEFENDANTS
STUDIOS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

1

I, Mark F. Wright, do hereby declare as follows:

1.     I am over the age of eighteen years, have personal knowledge of the matters set forth in this Declaration, and am competent to testify to the same.

2.     I am one of the attorneys of record for Counterclaim-Defendant Clean Films, Inc. in the above-captioned matter.

3.     Clean Films is in the business of criticizing the motion picture industry's use of sex, nudity, violence and foul language by distributing copies of PG-13 and R-rated movies, previously edited to remove the content requiring those ratings, to their members of the general viewing public.

4.     Not once during any prior conference or hearing, and not once in any prior pleading or motion have the Studios argued that Clean Films has damaged them by competing directly in the edited motion picture marketplace. The Studios mentioned this type of damage in neither their original complaint nor in any subsequent pleadings or discovery documents. Attached hereto as Exhibit A is a true and correct copy of the Studios' Amended Complaint and Jury Demand, dated September 9, 2002.

5.     Based on the absence of any such claim, Clean Films deemed it unnecessary to seek information through discovery related to the Studios' finances, sales revenues, sales records, marketing plans, etc. But now that the Studios have put damages at issues in this lawsuit, and in their Motion for Summary Judgment in particular, Clean Films certainly will be prejudiced if prohibited by this Court from propounding discovery related to the above claims, discovery related to Studios' alleged damages. Attached hereto as Exhibit B are true and correct copies of Clean Films, Inc.'s First Set of Interrogatories and Requests for Production to Defendant Motion Picture Studios and Clean Films, Inc.'s First Set of Requests for Admission to Defendant Motion Picture Studios.

6.     Clean Films is in the business of distributing copies of PG-13 and R-rated movies, edited to remove the content requiring those ratings, to their members, who are members of the general viewing public.

7.      Neither explicitly nor implicitly during this lawsuit have the Studios notified Clean Films of their claims that they have been damaged in their actual and potential markets.  It was not until they filed the pending Summary Judgment Motion on June 15, 2005 that Clean Films was made aware that any such claims existed.  But because Studios have sprung these claims on Clean Films, and the other Counterclaim Defendants, in an effort to side-step Clean Films' ability to create genuine issues of fact, Clean Films has had no time to conduct the discovery essential to respond to the Studios' Summary Judgment Motion.  We anticipate that this discovery will show that the Studios were not damaged by Clean Films' actions.  We further anticipate the discovery will show that Clean Films has actually increased the Studios gross revenues by buying PG-13 and R-rated movies that otherwise would not have been sold.  This discovery is necessary to show that the 4th element of fair use should not be decided in the Studios' favor as argued by them in their Summary Judgment Motion.

I DECLARE UNDER THE PENALTY OF PERJURY OF THE LAWS OF THE UNITED STATES AND THE STATE OF COLORADO THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

DATED this 8th day of August 2005, at Chandler, Maricopa County, Arizona.

Mark F. Wright, Esq.