IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 02-cv-01662-RPM-MJW

ROBERT HUNTSMAN; and
CLEAN FLICKS OF COLORADO, LLC,

        Plaintiffs,

and

CLEANFLICKS, LLC;
ASR MANAGEMENT CORPORATION d/b/a CLEANFILMS f/k/a MYCLEANFLICKS;
FAMILY SHIELD TECHNOLOGIES, LLC;
CLEARPLAY, INC.;
CLEAN CUT CINEMAS;
FAMILY SAFE MEDIA;
EDITMYMOVIES;
FAMILY FLIX, USA, LLC; and
PLAY IT CLEAN VIDEO, LLC,

        Counterclaim Defendants,

v.

STEVEN SODERBERGH;
ROBERT ALTMAN;
MICHAEL APTED;
TAYLOR HACKFORD;
CURTIS HANSON;
NORMAN JEWISON;
JOHN LANDIS;
MICHAEL MANN;
PHILLIP NOYCE;
BRAD SILBERLING;
BETTY THOMAS;

IRWIN WINKLER;
MARTIN SCORSESE;
STEVEN SPIELBERG;
ROBERT REDFORD;
SYDNEY POLLACK;
METRO-GOLDWYN-MAYER STUDIOS, INC.;
TIME WARNER ENTERTAINMENT CO., LP;
SONY PICTURES ENTERTAINMENT;
DISNEY ENTERPRISES, INC.;
DREAMWORKS LLC;
UNIVERSAL CITY STUDIOS, INC.;
TWENTIETH CENTURY FOX FILM CORP.; and
PARAMOUNT PICTURES CORPORATION,

        Defendants-Counterclaimants,

and

THE DIRECTORS GUILD OF AMERICA,

        Defendant-in-Intervention and
        Counterclaimant-in-Intervention.

---

## ORDER DISMISSING MOOT CLAIMS

---

The defendants, counterclaimants Motion Picture Studios[1] and Director Parties[2] seek

---

[1] These parties are Metro-Goldwyn-Mayer Studios, Inc., Time Warner Entertainment Co., LP, Sony Pictures Entertainment, Disney Enterprises, Inc., DreamWorks LLC, Universal City Studios, Inc., Twentieth Century Fox Film Corporation, and Paramount Pictures Corporation.

[2] These parties are Steven Soderbergh, Robert Altman, Michael Apted, Taylor Hackford, Curtis Hanson, Norman Jewison, John Landis, Michael Mann, Phillip Noyce, Brad Silberling, Betty Thomas, Irwin Winkler, Martin Scorsese, Steven Spielberg, Robert Redford, Sydney Pollack, and

dismissal of their claims for declaratory judgment and injunctive relief against Family Shield Technologies, L.L.C. ("Family Shield") and ClearPlay, Inc. ("ClearPlay") on alleged violations of the Copyright Act and the Lanham Act because the amendments to the Copyright Act and Lanham Act made by the Family Movie Act of 2005[3] have made those claims non-justiciable and therefore moot. Family Shield agrees the claims are moot but argues that the court should award it attorney's fees under 15 U.S.C. § 1117(a)(3) and 17 U.S.C. § 505 as the prevailing party because its arguments in this litigation were the catalyst for enactment of this legislation which created a statutory exemption from liability for copyright and trademark infringement for providing technology enabling the making of audio or video content of a motion picture imperceptible at the direction of a viewer under certain conditions. The technology provided by Family Shield and ClearPlay is consistent with the statutory definition.

ClearPlay denies mootness and urges the court to rule on its motion for summary judgment declaring that it never violated the Motion Picture Studios' copyrights and the Director Parties' trademarks and that it should also be able to request attorney's fees as the prevailing party after the entry of judgment in its favor on the merits. ClearPlay is asking for an advisory opinion on a dispute that is no longer a case or controversy within this court's jurisdiction

---

The Directors Guild of America.

[3]The Family Movie Act of 2005 is Title II of the Family Entertainment and Copyright Act of 2005.

provided by 28 U.S.C. § 1331 and in violation of Section 2 of Article III of the United States Constitution. The effect of the exemption to liability created by the Family Movie Act is to remove this controversy from this court.

The Family Shield claim for fees presents a novel question under unique circumstances. The cases urged as precedents by the parties are neither controlling nor compelling. This court is being asked to determine that Congress has placed its imprimatur on the legal position advocated by these parties in opposition to the counterclaims. To do so would disregard the fundamental separation of powers in the Constitution. Congress does not adjudicate cases or controversies and the courts do not enact legislation. The legislative history cited in the papers filed with this court reveals a disagreement as to whether the Copyright Act was violated by the "player control" companies. There would have been no need for creating a statutory exemption if the legislators agreed that there was no violation. Indeed, to find that this legislation simply codified the "player control" parties' view of the law would require this court to grant summary judgment to the Motion Picture Studios' counterclaims of infringement against the remaining parties providing edited versions of motion pictures because the legislative history shows that supporters of the legislation considered them to be in violation of the law.

In summary, the effect of the Family Movie Act is that Congress has made a policy decision that those who provide the technology to enable viewers to edit films for their private

viewing should not be liable to the copyright owners for infringing their copyright protections or to the directors for the Lanham Act claims, and that removes this court's jurisdiction over any further controversy between the Motion Picture Studios and Director Parties and Family Shield and ClearPlay.

Accordingly, it is therefore

ORDERED that all claims asserted and all issues between Metro-Goldwyn-Mayer Studios, Inc., Time Warner Entertainment Co., LP, Sony Pictures Entertainment, Disney Enterprises, Inc., DreamWorks LLC, Universal City Studios, Inc., Twentieth Century Fox Film Corporation, Paramount Pictures Corporation and Family Shield and ClearPlay are dismissed for want of jurisdiction, and each party shall bear its own costs, expenses and attorney's fees.  It is

FURTHER ORDERED that all claims asserted and all issues between Steven Soderbergh, Robert Altman, Michael Apted, Taylor Hackford, Curtis Hanson, Norman Jewison, John Landis, Michael Mann, Phillip Noyce, Brad Silberling, Betty Thomas, Irwin Winkler, Martin Scorsese, Steven Spielberg, Robert Redford, Sydney Pollack, The Directors Guild of America and Family Shield and ClearPlay are dismissed for want of jurisdiction, and each party shall bear its own costs, expenses and attorney's fees.  It is

FURTHER ORDERED that Family Shield and ClearPlay are dismissed from this action.

DATED: August 17, 2005.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge